**WALDEN WORCESTER, Inc., v. AMERI-CAN GRINDER MFG. CO. et al.**

(Circuit Court of Appeals, Seventh Circuit. January 31, 1925.)

No. 3397.

Patents ☞328—No. 1,164,815, claim No. 4, for device for tightening harrow teeth, held not infringed.

Hunter patent, No. 1,164,815, December 21, 1915, claim No. 4, for device designed for use in tightening harrow teeth, consisting of two wrenches combined, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit by Walden Worcester, Inc., against the American Grinder Manufacturing Company and others. Decree for defendants, and plaintiff appeals. Affirmed.

M. Casewell Heine, of New York City, and Joseph H. Milans, of Washington, D. C., for appellant.

N. S. Robinson and Louis Quarles, both of Milwaukee, Wis., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The United States District Court dismissed for want of equity plaintiff's bill, charging: (1) Unfair competition; (2) infringement of plaintiff's trade-mark No. 100,921 of Walden Manufacturing Company, dated October 24, 1914; (3) infringement of claim 4 of patent to Hunter No. 1,164,815, issued December 21, 1915.

Inasmuch as the questions pertaining to unfair competition and the trade-mark infringement were decided upon the facts be-

3 F.(2d)—63

fore the court, the conclusions upon which we, upon careful examination of the record, find no reason for disturbing, it will serve no good purpose to here discuss those matters.

The Hunter patent, as shown by the specifications and drawings, is a device specially designed for use in tightening harrow teeth, consisting of two wrenches combined. One has a round shaft, with a cross-arm at the top for turning, and a socket, or head, at the bottom to fit over the nut. The other wrench consists of a bar, called in the patent a "brace," with open sprongs extending at right angles from one end to fit over the side of a square harrow tooth; at the other end is a right angle arm, with a hole in it, that fits loosely over the shaft of the first wrench. The second wrench is raised and lowered on the shaft as the operator determines the point where he wants the sprongs to contact with the harrow tooth, and is kept in that position by its weight resting on a collar on the shaft, held by a set screw.

One of the elements of the claim is "means for holding the brace in different positions upon the shank," the shank being the shaft of the first wrench, and the means employed is the collar and set screw.

In the alleged infringing device there is the combination of the two wrenches, but there the similarity ends. Instead of the two sprongs at the bottom of the second wrench, to contact with the side of the harrow tooth, the second wrench has a socket, or head, to fit over the head of a bolt, the same as the socket or head on the first wrench in Hunter patent. Defendant's wrench, as made, could not be used upon harrow teeth. On defendant's device there is no means upon the shank or shaft for holding the brace or second wrench in different positions. The collar, with the set screw, is not used, nor is any equivalent used by defendant. In defendant's device, instead of the second wrench contacting with the side of the harrow tooth, it can only be used for contacting with one end of a bolt, and the head of the first wrench contacts with the other end of the bolt. The position of the end of the second wrench, which fits over the shaft of the first wrench, is determined by the length of the bolt between the two wrench heads. The contact with the ends of the bolts is maintained by the extension of a coil spring on the shaft of the first wrench.

We are of opinion that claim 4 of plaintiff's device is not infringed by defendant.

The decree of the District Court is affirmed.